**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GROTTO PIZZA, INC., <br> a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> GROTTINO, INC., a Delaware Corporation, and <br> GIANLUCA ARIENZO, <br><br> Defendants. | ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Injunctive Relief Sought)**

Plaintiff GROTTO PIZZA, INC., ("GROTTO PIZZA" or "Plaintiff"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

**Nature Of The Action**

1. This is a civil action for trademark, service mark, and trade name infringement, trademark dilution, unfair competition, and deceptive trade practices, arising under federal and state statutes and the common law. GROTTO PIZZA brings this action against Defendants GROTTINO, INC. and GIANLUCA ARIENZO (collectively, "GROTTINO" or "Defendants") because GROTTINO has used, and continues to use, the word GROTTINO as a part of its name and mark in association with a restaurant that competes directly with GROTTO PIZZA's restaurants in the same geographic market. GROTTINO's accused name and mark are for all practical purposes identical to the name and registered and common law marks GROTTO PIZZA has long used in the course of its business, and GROTTINO's use of its accused name and mark

has caused, and will continue to cause, a likelihood of confusion and actual confusion in the marketplace unless enjoined by this Court.

## The Parties

2. Plaintiff GROTTO PIZZA is a Delaware corporation with its principal place of business at 20376 Coastal Highway, Rehoboth Beach, DE 19971, within this judicial district.

3. Defendant GROTTINO is a Delaware corporation with its principal place of business at 1222 Beaver Brook Plaza, New Castle, DE 19720, within this judicial district.

4. Defendant GIANLUCA ARIENZO is an individual resident of the State of Delaware, and an owner and registered agent of Defendant GROTTINO.

## Jurisdiction And Venue

5. This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, and under the laws of the State of Delaware, both statutory and common law. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's federal Trademark Act claim.

6. Defendants are subject to the *in personam* jurisdiction of this Court because they are doing business in this District. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff is being harmed in this District and Defendants are using the infringing GROTTINO mark and name in this District.

## Plaintiff And Its GROTTO Name And Mark

7. Plaintiff GROTTO PIZZA provides restaurant services under the service mark GROTTO PIZZA through fifteen (15) company-owned restaurants located in the State of

Delaware. Plaintiff has used the name and marks GROTTO and GROTTO PIZZA (collectively, "the GROTTO Name and Marks") continuously since at least as early as 1960 in the course of its business. "Grotto" is an Italian word meaning "cave."

8.  GROTTO PIZZA owns United States Trademark Registration No. 1,670,423 dated December 31, 1991, for "pizza." (Copy of Reg. No. 1,670,423 attached as Exhibit 1.) GROTTO PIZZA's Reg. No. 1,670,423 was renewed on March 5, 2002, and is currently valid and subsisting on the Principal Register of the PTO in GROTTO PIZZA's name. Pursuant to 15 U.S.C. § 1065, Reg. No. 1,670,423 has become incontestable and therefore constitutes conclusive evidence of the validity of the registered mark, of GROTTO PIZZA's ownership of the registered mark, and of GROTTO PIZZA's exclusive right to use the registered mark in commerce, as provided by 15 U.S.C. § 1115(b).

9.  GROTTO PIZZA owns United States Service Mark Registration No. 3,020,846 dated November 29, 2005, for the mark GROTTO PIZZA and DESIGN shown below for "Restaurant services." (Copy of Reg. No. 3,020,846 attached as Exhibit 2.) GROTTO PIZZA's Reg. No. 3,020,846 is currently valid and subsisting on the Principal Register of the PTO in GROTTO PIZZA's name.

GrottoPizza

10. GROTTO PIZZA's business has grown steadily since its inception. Beginning with one beach-front location that sold only pizza, GROTTO PIZZA currently owns fifteen locations throughout Delaware and has licensed three additional locations in Eastern Pennsylvania, all of which sell a varied menu of items including its signature pizza. Since it

3

opened its first restaurant in 1960, GROTTO PIZZA has generated substantial revenue from operating its restaurants under its well-known GROTTO PIZZA mark. For example, in 2007, GROTTO served in excess of 2.7 million customers and generated sales in excess of $30 million in Delaware alone. Over the years, GROTTO PIZZA's customers have come to expect superior quality services from GROTTO PIZZA, and associate these qualities with GROTTO PIZZA and the GROTTO Name and Marks.

11. To aid in generating its substantial sales, GROTTO PIZZA expends substantial amounts to advertise and promote the GROTTO Name and Marks in various media, including through print, television and radio advertising, through signage and flyers and through its website located at the domain name "www.grottopizza.com". In 2007 alone, GROTTO PIZZA's advertising and promotional expenses were approximately $500,000. GROTTO PIZZA also engages in substantial charitable activities throughout its trading area.

12. The GROTTO Name and Marks are inherently distinctive and have enjoyed and/or acquired secondary meaning long prior to GROTTINO's adoption and use of the infringing "GROTTINO" name and mark, and are therefore deserving of a broad scope of protection.

13. GROTTO PIZZA owns extensive and invaluable rights and goodwill in its GROTTO Name and Marks by virtue of its long use of the GROTTO Name and Marks, its substantial promotional and marketing efforts, its substantial advertising and promotional expenditures, its strong sales and revenues, and third-party attention and acclaim generated in the course of its business of providing restaurant services, all in connection with the GROTTO Name and Marks.

**GROTTINO and its Wrongful Conduct**

14.     GROTTINO operates at least one restaurant under the name "Grottino Italian Restaurant and Pizzeria" in New Castle, Delaware, under five (5) miles from GROTTO PIZZA's restaurant in Bear, Delaware and within ninety-five (95) miles of all 15 Delaware GROTTO PIZZA locations.  GROTTINO means "little cave" and is a derivative of the Italian word "Grotto."  A photograph showing the outside of Defendants' GROTTINO restaurant is attached as Exhibit 3.

15.     GROTTINO adopted the GROTTINO name and mark long after GROTTO PIZZA began using the GROTTO Name and Marks, and well after the GROTTO PIZZA and GROTTO PIZZA and DESIGN marks were registered in Plaintiff's name on the Principal Register of the U.S. Patent and Trademark Office.  GROTTINO uses the GROTTINO mark in the course of its business in direct competition with Plaintiff.

16.     Defendants' infringing use of the GROTTINO name and mark has caused actual confusion in the market for the parties' products and services.  GROTTO PIZZA has been advised by customers that they have been confused into wrongly believing that GROTTO PIZZA and GROTTINO were one and the same company offering the same services.

### Injury to GROTTO PIZZA

17.     GROTTINO's use of the infringing GROTTINO name is likely to cause (and has already caused) confusion, mistake, and deception as to the source or origin of GROTTINO, their activities, and/or their goods, and is likely to falsely suggest (and has already falsely suggested) a sponsorship, connection, license, or association between GROTTINO and/or their services with GROTTO PIZZA.  This confusion, mistake, and deception will immediately and irreparably injure and tarnish the goodwill and reputation that Plaintiff has diligently labored to establish in its goods and business.

18. GROTTINO'S misappropriation of Plaintiff's GROTTO Name and Marks has irreparably injured and, if permitted to continue, will continue to irreparably injure GROTTO PIZZA, GROTTO PIZZA's reputation and goodwill associated with the GROTTO Name and Marks, and GROTTO PIZZA's uncompromising reputation for exceedingly high-quality products.

19. GROTTO PIZZA has suffered actual damages in an amount to be proven at trial.

20. GROTTO PIZZA has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

21. GROTTO PIZZA repeats and realleges every allegation set forth in paragraphs 1 through 20, above.

22. GROTTINO's wrongful acts alleged herein by using a name and marks substantially the same as, and confusingly similar to, GROTTO PIZZA's registered marks have already caused and are likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or association of GROTTINO and its services and products with GROTTO PIZZA, or as to the origin, sponsorship, or approval of GROTTINO, its services and products, and its commercial activities by or with GROTTO PIZZA, and thus constitute infringement under 15 U.S.C. § 1115.

## COUNT II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER SECTION 43(A) OF THE LANHAM ACT 15 U.S.C. § 1125(a)

23. GROTTO PIZZA repeats and realleges every allegation set forth in paragraphs 1 through 22, above.

24. GROTTINO's wrongful acts as alleged herein have already caused and are likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or

association of GROTTINO and its services and products with GROTTO PIZZA, and its commercial activities by or with GROTTO PIZZA, and thus constitute trade and service mark infringement, trade name infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT III
## TRADEMARK, SERVICE MARK, and TRADE NAME INFRINGEMENT UNDER COMMON LAW

25. GROTTO PIZZA repeats and realleges every allegation set forth in paragraphs 1 through 24, above.

26. GROTTINO's actions as described above and its use of a colorable imitation of Plaintiff's GROTTO Name and Marks are likely to cause confusion with respect to goods and services that are of substantially the same character as those for which the GROTTO Name and Marks have already been legitimately appropriated by GROTTO PIZZA, and thus constitute trademark infringement of the GROTTO Name and Marks under the common law of Delaware.

27. As a direct and proximate result of the actions, conduct and practices of Defendants alleged above, GROTTO PIZZA has suffered, and will continue to suffer, irreparable injury and damages.

## COUNT IV
## UNFAIR COMPETITION UNDER COMMON LAW

28. GROTTO PIZZA repeats and realleges every allegation set forth in paragraphs 1 through 27, above.

29. GROTTINO's actions as described above have caused, and are likely to cause, GROTTINO's goods and services to be passed-off as those of GROTTO PIZZA, and thus constitute unfair competition with respect to GROTTO PIZZA and the GROTTO Name and Marks under the common law of Delaware.

30. As a direct and proximate result of the actions, conduct, and practices of Defendants alleged above, GROTTO PIZZA has suffered, and will continue to suffer, irreparable injury and damages.

**COUNT V**
**DECEPTIVE TRADE PRACTICES IN VIOLATION OF 6 DEL. C. § 2531 *et seq.***

31. GROTTO PIZZA repeats and realleges every allegation set forth in paragraphs 1 through 30, above.

32. GROTTINO's actions as described above have resulted in GROTTINO passing off its goods or services as those of GROTTO PIZZA, and have caused, and are likely to cause, confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services with respect to GROTTO PIZZA and the GROTTO Name and Marks.

33. As a direct and proximate result of the actions, conduct, and practices of Defendants alleged above, GROTTO PIZZA has suffered, and will continue to suffer, irreparable injury and damages.

**COUNT VI**
**INJURY TO BUSINESS REPUTATION AND TRADEMARK DILUTION IN VIOLATION OF 6 DEL. C. § 3313**

34. GROTTO PIZZA repeats and realleges every allegation set forth in paragraphs 1 through 33, above.

35. GROTTINO's actions as described above are likely to injure the business reputation of GROTTO PIZZA and/or dilute the distinctive nature of the GROTTO Names and Marks in violation of the Delaware Trademark Act, 6 Del. C. § 3313.

36.     As a direct and proximate result of the actions, conduct, and practices of Defendants alleged above, GROTTO PIZZA has suffered, and will continue to suffer, irreparable injury and damages.

## **Prayer For Relief**

WHEREFORE, GROTTO PIZZA requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      A preliminary and permanent injunction enjoining GROTTINO and its officers, directors, shareholders, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from using any mark or name comprised of or containing the words GROTTO, GROTTINO, or any other confusingly similar mark or name, in any manner in connection with, among other things, its restaurant business operations, or any other services that will result in a likelihood of confusion, mistake, or misassociation with GROTTO PIZZA or the GROTTO Name and Marks.

B.      An order requiring GROTTINO to destroy and/or immediately retract all materials comprised of or containing the GROTTINO mark or name.

C.      An order requiring GROTTINO to disseminate corrective advertising and to issue press releases to address the actual and likely confusion that it has caused by its wrongful use of GROTTINO.

D.      An order requiring GROTTINO to account for and pay to GROTTO PIZZA all profits arising from GROTTINO's unlawful acts, such profits to be increased pursuant to 15 U.S.C. § 1117 and other applicable laws.

E.	An order requiring GROTTINO to pay GROTTO PIZZA damages, in an amount to be determined at trial, but not less than $75,000, resulting from GROTTINO's unlawful acts, such damages to be trebled pursuant to 15 U.S.C. § 1117 and other applicable laws.

F.	An order requiring GROTTINO to pay GROTTO PIZZA's costs and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws.

G.	An order requiring GROTTINO to pay GROTTO PIZZA treble damages pursuant to 6 Del. C. § 2533(c).

H.	An order requiring GROTTINO to pay GROTTO PIZZA's costs and attorneys' fees in this action, pursuant to 6 Del. C. § 2533(b).

I.	Such other and further relief as the Court may deem appropriate.

## Jury Demand

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated:  March  11, 2008                                         Respectfully submitted,

Of Counsel:                                                               By:      /s/ A. Dean Betts, Jr.

Lawrence R. Robins                                              A. Dean Betts, Jr., Esq. (Bar I.D. No. 2844)
FINNEGAN, HENDERSON, FARABOW,    Betts & Abram, P.A.,
GARRETT & DUNNER, L.L.P.                          15 South Race Street
55 Cambridge Parkway                                        P.O. Box 770
Cambridge, MA 02142                                        Georgetown, Delaware 19947
Telephone:  (617) 452-1600                                Telephone: (302) 856-7755
Facsimile: (617) 452-1666                                   Email: dean.betts@verizon.net
Email:  larry.robins@finnegan.com

*Attorneys for Plaintiff*

Int. Cl.: 30

Prior U.S. Cl.: 46

**United States Patent and Trademark Office**

Reg. No. 1,670,423
Registered Dec. 31, 1991

TRADEMARK
PRINCIPAL REGISTER

GROTTO PIZZA

GROTTO PIZZA, INC. (DELAWARE CORPORATION)
12 REHOBOTH AVENUE
REHOBOTH BEACH, DE 11971

FOR: PIZZA, IN CLASS 30 (U.S. CL. 46).
FIRST USE 7-1-1970; IN COMMERCE 7-1-1970.

OWNER OF U.S. REG. NO. 1,313,709.
NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE PIZZA", APART FROM THE MARK AS SHOWN.

SER. NO. 74-147,026, FILED 3-12-1991.

RACHEL BLUE, EXAMINING ATTORNEY

Int. Cls.: 30 and 43

Prior U.S. Cls.: 46, 100 and 101

**United States Patent and Trademark Office**

Reg. No. 3,020,846
Registered Nov. 29, 2005

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER



GROTTO PIZZA, INC. (DELAWARE CORPORATION)
4075 HIGHWAY 1
REHOBOTH BEACH, DE 19971

   FOR: PIZZA, IN CLASS 30 (U.S. CL. 46).

   FIRST USE 8-0-1981; IN COMMERCE 8-0-1981.

   FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

   FIRST USE 8-0-1981; IN COMMERCE 8-0-1981.

   OWNER OF U.S. REG. NOS. 1,313,709 AND 1,670,423.

   NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PIZZA", APART FROM THE MARK AS SHOWN.

   SER. NO. 78-519,261, FILED 11-18-2004.

   ALICIA COLLINS, EXAMINING ATTORNEY



%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.     Example:     U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.



AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __08-  151__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___1___ COPIES OF AO FORM 85.

___3/14/08___   _____
(Date forms issued)            (Signature of Party or their Representative)

            __A. DEAN BETTS, JR., ESQ.__
            (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

**Betts & Abram, P.A.**
Attorneys-at-Law
15 South Race Street
P.O. Box 770
Georgetown, Delaware 19947

Attn.: Filing Clerk
U.S. District Court
District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801

UNITED STATES POSTAGE
$ 000.41
PITNEY BOWES